# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5570 | **DATE** | October 7, 2004 |
| **CASE TITLE** | *In re Comdisco* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] IMA's motion to withdraw the reference [1-1] is granted. The clerk is directed to forward a copy of this order to the bankruptcy court and to terminate this matter from this court's docket. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 15 2004 date docketed | 11 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | JXM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

| | |
|---|---|
| In re: ) | |
| ) | |
| COMDISCO, INC. at al, ) | 04 C 5570 |
| Debtors, ) | |
| ———————————————) | Motion to Withdraw the |
| ) | Reference |
| COMDISCO, INC., ) | |
| Plaintiff, ) | Bankruptcy Case No. 01 B 24795 |
| ) | Adv. Proc. No. 04-A-1832 |
| v. ) | |
| ) | |
| ST. PAUL FIRE & MARINE INSURANCE ) | |
| COMPANY, ST. PAUL MERCURY ) | |
| INSURANCE COMPANY, IMA OF ) | |
| COLORADO, INC., ) | |
| DefendantS. ) | |

## MEMORANDUM AND ORDER

Defendant IMS of Colorado seeks to withdraw this court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15. For the following reasons, the motion is granted.

### Background

Plaintiff Comdisco Ventures is a wholly owned subsidiary of Comdisco, Inc. In 2001, Comdisco, Inc. filed a voluntary Chapter 11 plan. The plan became effective in August of 2002, and Comdisco is presently operating its business and managing its properties as a reorganized debtor under Chapter 11.

In March of 2004, Comdisco Ventures filed an adversary proceeding against IMA. The complaint in the adversary proceeding alleged that IMA's policies required IMA to indemnify

Comdisco Ventures for losses to office equipment. Comdisco Ventures seeks recovery under theories of professional negligence and negligent and intentional misrepresentation.

## Discussion

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 184 (N.D. Ill. 1997). Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. *Id.* The first sentence of § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. *See, e.g., In re Sevko*, 143 B.R. 114, 117 (N.D. Ill. 1992).

In this case, Comdisco contends that: (1) IMA's motion is untimely; (2) withdrawal of the reference would be improper because this is a core proceeding; and (3) judicial economy would be promoted by allowing this matter to proceed in the bankruptcy court. The court disagrees.

First, there is no bright line rule that gives a party a certain number of days in which it may seek to withdraw the reference. Judge Lefkow granted a motion to withdraw the reference in another Comdisco insurance adversary proceeding on June 18, 2004, *In re: Comdisco Ventures, Inc.*, Nos. 04 C 2007 & 04 C 2393, 2004 WL 1375353 (N.D. Ill. Jun. 18, 2004), Judge Black denied IMA's motion to dismiss on August 11, 2004, and IMA filed its motion to withdraw the reference on August 24, 2004. Given the very moderate lapse of time between the rulings from Judge Lefkow and Judge Black, it would be inappropriate to bar IMA from seeking to withdraw the reference. *See In re Sevko*, 143 B.R. 114, 115 (N.D. Ill. 1992) (a motion to withdraw the reference should be filed "as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case").

The court next considers whether this is a core proceeding.[1] The most important factor in determining if the reference should be withdrawn is whether the adversary proceeding sought to be withdrawn is core or non-core. *In re Sevko*, 143 B.R. at 117. "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id., quoting Diamond Mortgage Corp. of*

---

[1] The bankruptcy court has not determined whether this proceeding is core or non-core. *See* 28 U.S.C. § 157(b)(3). In the interests of judicial economy, the court will resolve this issue. *See In re: Comdisco Ventures, Inc.*, WL 1375353 at *2 n.2 (district court may determine whether a proceeding is core or non-core).

*Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir.1997) ("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

Here, the court sees no principled reason to depart from Judge Lefkow's thoughtful analysis of the precise issue before the court. *See In re: Comdisco Ventures, Inc.*, WL 1375353 at *2-4. In short, the court agrees with Judge Lefkow's conclusion that this type of proceeding is non-core because: (1) claims against insurers over the "ownership" of insurance contracts require the court to interpret the terms of a contract; and (2) the right to collect upon an asset of the estate is not a substantive right granted by Title 11. *See id.*; *see also In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187 (collecting cases holding that "breach of contract claims have consistently and traditionally been found to be non-core"). Thus, the most important factor relating to withdrawal of the reference favors IMA.

Moreover, the insurance dispute is entirely severable from the bankruptcy proceedings, so withdrawal of the reference will not require the district and bankruptcy courts to address the same issues. This is especially true given that Comdisco's four other suits against insurers and insurance brokers are already consolidated and pending before Judge Lefkow for pretrial purposes. The court assumes that if the reference is withdrawn in this case, Judge Lefkow will deem it related and add it to her pending Comdisco matters. Keeping this matter before the bankruptcy court would, therefore, hinder judicial economy.

Finally, consolidating this action with the other Comdisco insurance cases will promote uniformity and be efficient. It will be less expensive to litigate the pre-trial matters together. Lat

but not least, the bankruptcy court's familiarity with the bankruptcy proceedings will not help it address the state law issues raised in adversary complaint. Accordingly, the court finds that withdrawal of the reference is warranted.

## Conclusion

IMA's motion to withdraw the reference [1-1] is granted.

DATE: 10-7-04

Blanche M. Manning
United States District Judge