IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>COMDISCO, INC., et al,<br>    Debtors,<br>------------------------------------------------<br>COMDISCO, INC.,<br>    Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE & MARINE INSURANCE<br>COMPANY, ST. PAUL MERCURY<br>INSURANCE COMPANY, IMA OF<br>COLORADO, INC.,<br>    Defendants. | 04 C 5570<br><br>Bankruptcy Case No. 01 B 24795<br>Adv. Proc. No. 04-A-1832 |

## MEMORANDUM AND ORDER

The court previously withdrew the reference of this insurance case, which is governed by Colorado law, from the bankruptcy court. Defendant IMA of Colorado ("IMA") seeks to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Comdisco failed to file a certificate of review as required by § 13-20-602 C.R.S. In response, Comdisco contends, among other things, that IMA waived its opportunity to raise this defense. For the following reasons, the court construes IMA's motion as a Rule 12(c) motion for judgment on the pleadings and denies IMA's request for relief.

I.  **Background**

The following facts are drawn from the complaint and are presumed to be true for the purposes of IMA's motion. Comdisco is presently operating its business and managing its properties as a reorganized debtor under Chapter 11. In March of 2004, Comdisco filed an

adversary proceeding against St. Paul Fire & Marine Insurance Company ("St. Paul"), St. Paul Mercury Insurance Company ("St. Paul Mercury"), and IMA.

Comdisco leased office equipment to various companies pursuant to individual master lease agreements. These agreements stated that Comdisco retained title to the equipment and required each lessee to obtain insurance for the equipment and add Comdisco as an additional insured under the lessee's policy. The lessees' insurance brokers, including IMA, represented that they had procured insurance policies from St. Paul and St. Paul Mercury. According to Comdisco, St. Paul and St. Paul Mercury issued certificates of insurance naming Comdisco as an additional insured and loss payee but nevertheless refused to indemnify Comdisco for losses covered by the policies.

Comdisco contends that St. Paul and St. Paul Mercury breached the insurance contracts naming it as an additional insured and/or loss payee, as well as the implied covenant of good faith and fair dealing. In addition, because St. Paul has asserted that Comdisco is not an additional insured and/or loss payee under a policy issued to a company called Auraserve, Comdisco filed suit against IMA pleading, in the alternative, that IMA was professionally negligent and is liable for negligent and intentional misrepresentation.

In June of 2004, IMA filed a motion to dismiss Comdisco's claims against it for failure to state a claim under Rule 12(b)(6). After the motion was fully briefed, Bankruptcy Judge Black denied it. IMA's present Rule 12(b)(6) motion to dismiss raises additional arguments that were not raised in IMA's original motion.

raise these defenses entirely because the rules permit it to raise the defenses omitted from its first motion to dismiss in a subsequent motion for judgment on the pleadings.

Of course, IMA did not file a motion for judgment on the pleadings. Instead, it filed a second motion to dismiss. In its reply memorandum, IMA appears to recognize that it cannot seek relief under Rule 12(b)(6) as it states that it has filed an answer to the complaint and asks the court to construe its Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. In the interests of judicial efficiency and because the parties have briefed all of the issues raised in IMA's motion, the court will do so. It thus turns to the merits of IMA's arguments.

**B.     Motion for Judgment on the Pleadings**

**1.     Standard of Review**

A party may move for judgment on the pleadings after an answer has been filed. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The familiar Rule 12(b) motion to dismiss standard applies to Rule 12(c) motions, so the court may grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d at 452. Moreover, the court must accept all well-pleaded facts as true and view the facts in the complaint in the light most favorable to the nonmoving party. *Id.*

A court may rule on a judgment on the pleadings based upon a review of the pleadings alone. *Id.* The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Id.* The court may also consider "documents incorporated by reference to the

## II. Discussion

### A. Waiver

Rule 12(g) of the Federal Rules of Civil Procedure provides that, "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Fed. R. Civ. P. 12(g). Rule 12(h)(2) provides that where a defendant fails to raise a defense or objection in an initial motion to dismiss for failure to state a claim, the defendant does not waive it but must make such an argument "in any pleading permitted or ordered under Rule 7(a),[1] or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2).

Thus, Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant could have raised in a prior motion to dismiss. *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, 247 F.Supp.2d 987, 999 (N.D. Ill. 2002); Wright & Miller, 5C *Fed. Prac. & Proc. Civ.3d* § 1392 (3d ed. 2004) (Rule 12(g) expressly forbids a defendant from asserting a new defense in a second pre-answer motion). Here, IMA does not contend that it could not have raised the defenses in its present Rule 12(b)(6) motion earlier as part of its first Rule 12(b)(6) motion. Instead, it argues that it did not waive its right to

---

[1] Rule 7(a) provides, in relevant part, that "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Fed.R.Civ.P. 7(a).

pleadings" and may "take judicial notice of matters of public record." *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers matters outside the pleadings which are not susceptible to judicial notice, however, the court must convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d at 453 n.5.

### 2. Certificate of Review Under Colorado Law

The parties agree that this diversity action is governed by Colorado law. In Colorado, in "every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown." Colo. Rev. Stat. § 13-20-602(1). "The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim." Colo. Rev. Stat. § 13-20-602(4).

Comdisco asserts that under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), it is not required to file a certificate of review because the certificate requirement is procedural, not substantive. The Tenth Circuit, however, has expressly rejected this argument. *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (in a federal action predicated upon diversity jurisdiction, Colorado's certificate of review requirement is a substantive rule of law); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996) (same); *see also Martinez v. Garcia*, 59 F.Supp.2d 1097, 1098-99 (D. Colo. 1999) (Colorado's

certificate of review statute is a substantive rule which applies to professional negligence actions brought in federal court under diversity jurisdiction). Comdisco has not provided the court with any sound reason to reject the consistent interpretation of a Colorado statute provided by numerous Colorado federal courts. Accordingly, the court holds that Colorado's certificate requirement is substantive.

Comdisco next asserts that even if the certificate requirement is substantive, it need not comply because expert testimony is not necessary to establish a prima facie case against IMA. Specifically, pointing to the fact that IMA failed to name Comdisco as an additional insured and loss payee under the St. Paul policy issued to Auraserve, Comdisco contends that it will not need to present expert testimony to state a prima facie case of professional negligence, negligent misrepresentation, or intentional misrepresentation against IMA because IMA is clearly liable.

Colorado law requires a plaintiff to provide a certificate of review for claims of professional negligence for which expert testimony is necessary to establish a prima facie case. *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992) ("The statute applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty"). Moreover, as the Colorado Supreme Court has noted, "expert testimony is required to establish a prima facie case of professional negligence in the great majority of such claims." *Id.* at 251.

To state a claim for professional negligence under Colorado law, a plaintiff must establish that the defendant owed the plaintiff a duty of care, acted without proper skill, prudence, and diligence, and thereby injured it. *See Rian v. Imperial Mun. Services Group, Inc.*, 768 P.2d 1260,

1263-64 (Colo. App. 1988) (existence of professional negligence is measured by the normal standards of skill and competence exhibited by members of a defendant's profession). In its response to IMA's motion, Comdisco appears to be contending that Auraserve asked IMA to add Comdisco onto its policy but IMA failed to do so and thereby committed professional malpractice. If Comdisco limits its claim to an assertion that IMA was professionally negligent because it ignored a direct request from a client, the court agrees that no expert testimony would be necessary. *See Baumgarten v. Coppage*, 15 P.3d 304, 307 (Colo. App. 2000) (where the professional duty allegedly breached was based on a statutory standard involving a particular broker's actual knowledge, plaintiff could establish a prima facie case without expert testimony concerning the standard of care generally applicable to brokers).

The allegations in the complaint regarding professional negligence, however, are much broader as Comdisco asserts that IMA failed to use the skill, prudence, and diligence that members of the profession of insurance broker possess and use, and knew or should have known that it was required to take specific acts to protect Comdisco's interests. Complaint at ¶¶ 40-44. It is difficult to imagine how Comdisco can establish the appropriate standard of care for insurance brokers and what an insurance broker should have known and should have done in the circumstances of this case without expert testimony. Nevertheless, Comdisco is the captain of its case. If it wishes to eschew expert testimony and limit its claims, it may certainly do so, although it may wish to consider whether it wishes to back itself into a corner at this point in the proceedings.

The court next turns to Comdisco's claims for negligent and intentional misrepresentation. To state a claim for negligent misrepresentation, Comdisco must show that

IMA supplied false information to Comdisco in a business transaction, and failed to exercise reasonable care or competence in obtaining or communicating information on which Comdisco justifiably relied, thereby harming Comdisco. *See Mehaffy, Rider, Windoholz & Wilson v. Central Bank of Denver*, 892 P.2d 230, 236 (Colo. 1995). To state a claim for intentional misrepresentation, Comdisco must show that IMA represented a material fact that was false with knowledge of the falsity or with indifference to its truth or falsity and that Comdisco justifiably relied on the representation and in doing so was harmed. *Institute for Professional Development v. Regis College*, 536 F.Supp. 632, 633-34 (D.C. Colo. 1982); *Morrison v. Goodspeed*, 68 P.2d 458, 477 (Colo. 1936).

Comdisco asserts that IMA supplied it with a certificate of insurance indicating that it was an additional insured on the Auraserve policy and that the only explanation for the fact that this representation was not true is that IMA either negligently or intentionally misrepresented the truth. As with the professional negligence claim, if Comdisco wishes to focus on the truth of IMA's representations, it may do so without the need for expert testimony as the court agrees that establishing whether IMA in fact knew that Comdisco was not an additional insured and nevertheless told Comdisco that it was one would not require expert testimony.

Establishing what IMA should have known, on the other hand, requires expert testimony as this matter goes to the standard of care required. *See Williams v. Boyle*, 72 P.3d 392, 399 (Colo. App. 2003) (in medical malpractice case, the plaintiff can establish that the defendant knew his diagnosis was incorrect by showing the standard of care for diagnosis and that the defendant's conclusions could not have resulted from adherence to that standard, but must point to "expert testimony because a lay person would not be able to determine whether a particular

diagnosis was reasonable"); *Baumgarten v. Coppage*, 15 P.3d at 307-08 (expert testimony establishing the standard of care was required to determine what a broker should have known concerning hidden real estate damage and whether the defendant broker's conduct comported with the standards generally applicable to brokers in such situations). But again, if Comdisco wishes to limit the scope of its claims, it may do so.

## III. Conclusion

For the above reasons, the court converts IMA's motion to dismiss [16-1] into a motion for judgment on the pleadings. It further finds that Colorado's certificate requirement is substantive. Thus, to the extent that expert testimony is necessary to establish a prima facie case against IMA for Comdisco's professional negligence and negligent and intentional misrepresentation claims, Comdisco must either file a certificate or amend its complaint to remove claims which require expert testimony. The parties shall appear for status on March 24, 2005, at 11:00 a.m. so that the court may set appropriate dates depending on how Comdisco wishes to proceed. The motion for judgment on the pleadings is, therefore, denied.

DATE: March 3, 2005

Blanche M. Manning
United States District Judge